Harpaul Nahal (270062)
**THE NAHAL LAW FIRM**
2021 The Alameda Suite 380
San Jose, CA 95126
Phone: (408) 489-0292
Fax:    (408) 213-8354
harpaul@nahallaw.com

Attorney for Plaintiff
Anthony Robert Fisher

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Anthony Robert Fisher<br><br>       Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1<br><br>       Defendant. | Case No.: 23-30398-HLB<br><br>Chapter 11<br><br>ADVERSARY NO.:<br><br>**ADVERSARY COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>(Hearing to be scheduled by Summons) |

Anthony Robert Fisher, hereinafter, ("Fisher" or "Plaintiff") Debtor in the underlying bankruptcy matter and the Plaintiff, herein, complaining of Defendant Wilmington Trust, National Association, Not In Its Individual Capacity But Solely As Trustee For MFRA Trust 2015-1, hereinafter, ("Wilmington" or "Defendant"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this Adversary Proceeding pursuant to the provisions of 28 U.S.C. § 157(b).

2.   Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff hereby states that this matter is a "core

proceeding" pursuant to 28 U.S.C. § 157(b)(2)(1).

**PARTIES**

3.　Defendant Wilmington is a banking and financial institution.

4.　Plaintiff is an individual and owner of a single-family dwelling, the residence, described as 120 Ricardo Road Mill Valley, California 94941, the ("Property").

**STANDING**

5.　Plaintiff suffered and faces further injury as a result of Defendant's actions alleged, herein, namely the foreclosure of the Plaintiff's residence.

6.　Defendant's actions, as alleged herein, will cause Plaintiff to suffer and continue to suffer if relief is not granted.

7.　This Court can provide redress for Plaintiff's injuries by providing the relief requested, pursuant to 11 U.S.C. §105(a).

**FACTS**

8.　Plaintiff and his wife, Kathleen Fisher, ("Wife") filed a Chapter 13 Petition on November 8, 2016, in the United States Bankruptcy Court for the Northern District, instituting Case No. 16-31207.

9.　Plaintiff and his Wife filed a Chapter 11 Petition on July 18, 2017, in the United States Bankruptcy Court for the Northern District, instituting Case No. 17-30685.

10.　Plaintiff filed a Chapter 13 Petition on February 13, 2019, in the United States Bankruptcy Court for the Northern District, instituting Case No. 19-30159.

11.　Plaintiff's Wife filed a Chapter 13 Petition on March 12, 2019, in the United States Bankruptcy Court for the Northern District, instituting Case No. 19-30397.

12.　Plaintiff filed a Chapter 11 Petition on June 21, 2023, in the United States Bankruptcy Court for the Northern District, instituting Case No. 19-30398.

13. Plaintiff estimates the Property has a fair market value of $3,400.488.52.

14. The Property is encumbered with a deed of trust to secure a promissory note held by Wilmington, with a principal balance of approximately $534,109.49.

15. Plaintiff filed a Chapter 13 Petition on November 8, 2016 to stop the foreclosure initiated by Wilmington.

16. When Plaintiff and his Wife filed their initial Chapter 13 Petition, they had little income and projected that starting February 15, 2017, Kathleen Fisher would receive a monthly salary of $18,500.00.

17. On or about August 17, 2023, Wilmington's Motion for Relief from Chapter 11 stay was heard and was granted on August 18, 2023, with the Court stating, "That the request for termination of the automatic stay imposed by 11 U.S.C. § 362(a) under 11 U.S.C. § 362(d)(4) as to Movant, its successors and assigns, is granted, thereby permitting enforcement of its rights and remedies under applicable non-bankruptcy law against the security described in that certain Deed of Trust recorded on February 21, 1996 as Instrument No. 96-007970 in the Office of the County Recorder of Marin County, CA, including that certain real property commonly known as 120 Ricardo Road, Mill Valley, California, 94941 and legally described in the subject deed of trust."

18. Plaintiff, in good faith and on numerous attempts, offered to rearrange and make payments to extend the time for foreclosure proceedings and make payments to prevent the foreclosure of the Property.

19. Defendant refused to accept any payments offered in August 2023.

20. Plaintiff was unable to make any alleged required arrearage payments because counsel for Wilmington did not accept Plaintiff's offers of payment regarding the Premises.

21. The amount was disputed and since then has not been resolved.

22. Plaintiff was not informed by Wilmington's counsel of several attempts and actual sales or transfers of Plaintiff's alleged debts regarding the Property.

23. Plaintiff is currently post-petition current, except for approximately $790.00, for which funds are available for immediate payment.

24. As a result of the order for stay being lifted in the currently-pending Chapter 11 action, (Case No. 19-30398), a foreclosure sale remains set for November 24, 2023 at 9:30 a.m.

25. Plaintiff has a lump sum payment of $20,000.00 ready for payment to Defendant to keep the property from being sold at auction.

26. Plaintiff can make arrangements to negotiate the debt owed to Wilmington and will suffer irreparable harm if the Property is sold and lost at action.

## FIRST CAUSE OF ACTION
### (INJUNCTIVE RELIEF- Fed. R. Bankr. P. 7065)

27. Plaintiff incorporates and re-alleges, each and every one of the allegations from paragraphs 1 through 26, above, as though full set forth herein.

28. To obtain a preliminary injunction or temporary restraining order, a Plaintiff must prove that irreparable damage will follow without the grant of equitable relief, and a reasonably probability of success on the merits. Irreparable damage exists where an award of damages would be speculative and difficult to measure.

29. Plaintiff will suffer irreparable injury if Defendant forecloses on his residence. He and his family will not have a place to live and will lose any equity in the Property. The measure of damages based on the loss of his personal residence would be speculative.

30. There is no adequate remedy at law in that Plaintiff will lose the residence he and his family have resided for approximately 33 years.

ANTHONY ROBERT FISHER'S ADVERSARY COMPLAINT

**PRAYER**

WHEREFORE, Plaintiff ANTHONY ROBERT FISHER, prays for judgment against Defendant as follows:

1. For injunctive relief barring Defendant and/or attorneys, agents, successors, or other persons working in concert from foreclosing on Plaintiff's personal residence scheduled for Thursday, August 24, 2023 at 9:30 a.m.;

2. Allowing Plaintiff to tender and cure the outstanding post petition arrearages on his mortgage;

3. Allowing Plaintiff to pay the creditor in full during the remaining months of his Chapter 11 plan;

4. For further, actual, damages according to proof;

5. For attorney fees and costs, according to proof; and

6. For such other and further relief as the Court deems just and proper.

Dated: August 22, 2023

Respectfully Submitted,
THE NAHAL LAW FIRM

By: _____
Harpaul Nahal,
Attorney for Plaintiff,
Anthony Robert Fisher